1  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
2  AMBER L. ROLLER, CA Bar No. 273354
   amber.roller@ogletree.com
3  J. NICHOLAS MARFORI, CA Bar No. 311765
   nicholas.marfori@ogletree.com
4  400 South Hope Street, Suite 1200
   Los Angeles, California  90071
5  Telephone:  213-239-9800
   Facsimile:   213-239-9045
6
   Attorneys for Defendant
7  TONHO INTERNATIONAL INC.

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | Orlando Garcia, | Case No. _____

12 |         Plaintiff, | **DEFENDANT TONHO INTERNATIONAL INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

13 |    v.

14 | Tonho International Inc., a California Corporation; and Does 1-10;

15 | 

16 |         Defendants. | [*Filed concurrently with Civil Cover Sheet and Corporate Disclosure Statement and Certification of Interested Parties*]

17

18 | Complaint Filed: January 7, 2021
   | Trial Date:         None
19 | District Judge:   Hon. _____

20

21

22

23

24

25

26

27

28

Case No. _____
DEFENDANT TONHO INTERNATIONAL INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

45984403_1.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ORLANDO GARCIA AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant Tonho International Inc. ("Defendant"), removes this action from the Orange County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and (c), and 1446, because plaintiff Orlando Garcia's ("Plaintiff") action presents a federal question by asserting claims under the Americans With Disabilities Act of 1990 ("ADA") [42 U.S.C. §§ 12101, *et seq*.]. These facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below:

## I.   THE STATE COURT ACTION

On or about January 11, 2021, Plaintiff filed his Complaint, entitled *Orlando Garcia, Plaintiff, v. Tonho International Inc., a California Corporation; and Does 1-10,* in the Superior Court of the State of California for the County of Orange, Case No. 30-2021-01178046-CU-CR-CJC.  The causes of action in the Complaint include: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); and (2) Violation of the Unruh Civil Rights Act, California Civil Code section 51 e*t seq*. ("Unruh").  Plaintiff completed service of process on Defendant by leaving the Summons and Complaint with a person at least 18 years of age apparently in charge at Defendant's office or usual place of business on January 19, 2021 and mailing the documents to Defendant on January 21, 2021.  Accordingly, the effective date of service of the Summons and Complaint upon Defendant is January 31, 2021.  *See* Cal. Code Civ. Proc. § 415.20 (setting forth requirements for substituted service and providing that "[s]ervice of a summons in this manner is deemed complete on the 10th day after the mailing"); *Ewing v. Integrity Capital Sols., Inc.*, No. 16-CV-1469 JLS MDD, 2017 WL 744517, at *4 (S.D. Cal. Feb. 27, 2017) (analyzing effective

date of service under Cal. Code Civ. Proc. § 415.20 and concluding that where "[t]he process server mailed the documents on May 5, 2016, … [s]ervice was therefore completed on May 15, 2016, and Section 1446's thirty-day removal provision was triggered."). A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

Plaintiff named only Tonho International Inc. as a defendant, and he has not yet identified any of the fictitious "Doe" defendants named in the Complaint.

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California, which is the district court within which the action is pending. The Orange County Superior Court is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(1) to the extent it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## II. REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is validly served with a Summons and Complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure in that Defendant was originally served with a copy of the Complaint on January 31, 2021 (*see* Cal. Code Civ. Proc. § 415.20), no more than thirty (30) days before the filing of this Notice.

The consent of fictitious "Doe" defendants is not required because they have not been served. Thus, Defendant is the only party that must consent to removal, and it has done so by filing this Notice of Removal.

## III. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1441(B) AND (C)

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the

1 provisions of 28 U.S.C. § 1441(a), in that it arises under a federal statute, namely, the
2 ADA [42 U.S.C. §§ 12101, *et seq*.].
3     Plaintiff's first cause of action alleges violations of the ADA [42 U.S.C.
4 §§ 12101, *et seq*.]. (Ex. A, Complaint ¶¶ 30-33.) Accordingly, Plaintiff's lawsuit is
5 removable to this Court because there is federal question jurisdiction. *See Emich v.*
6 *Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).
7     Pursuant to 28 U.S.C. § 1367, this Court has the discretion to exercise
8 supplemental jurisdiction over the state law claim in Plaintiff's Complaint because
9 the state law claim is transactionally-related to Plaintiff's ADA cause of action. The
10 state law claim derives from the same common nucleus of operative facts as the
11 federal claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725
12 (1966); *Emich*, 846 F.2d at 1196. More specifically, Plaintiff's claims for violation
13 of the ADA and of the Unruh Civil Right Act both allege that Plaintiff was denied
14 access to Defendant's hotel due to alleged barriers on Defendant's reservation
15 system. (*See* Ex. A, Complaint ¶¶ 25-26, 32-33, 35-37.)

16 **IV.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

17     Pursuant to 28 U.S.C. §1446(d), Defendant will give written notice of the
18 removal of this action to all parties and will file a copy of that Notice with the
19 Superior Court of California, County of Orange. True and correct copies of the
20 notice to Plaintiff and to the state court will be filed promptly in this Court.
21 In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by
22 **Exhibit B**, which is a copy of all process, pleadings, and orders served upon
23 Defendant in this action.

24 **V.    CONCLUSION**

25     Because this civil action presents a federal question, Defendant respectfully
26 requests that this Court exercise its removal jurisdiction over this action.
27 / / /
28 / / /

3                    Case No. _____
                  DEFENDANT TONHO INTERNATIONAL INC.'S NOTICE OF
45984403_1.docx   REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1  In the event this Court has a question regarding the propriety of this Notice of
2 Removal, Defendant requests that it issue an Order to Show Cause so that it may
3 have an opportunity to more fully brief the Court on the basis for this removal.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: February 16, 2021 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|  | By: /s/ J. Nicholas Marfori<br>Amber L. Roller<br>J. Nicholas Marfori |
|  | Attorneys for Defendant<br>TONHO INTERNATIONAL INC. |

45984403.1

45984403_1.docx

4   Case No. _____
DEFENDANT TONHO INTERNATIONAL INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT