JS-6

FILED
CLERK, U.S. DISTRICT COURT

5/14/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> TONHO INTERNATIONAL INC. and DOES 1–10, <br><br> Defendants. | Case No.: SACV 21-00307-CJC (ADSx) <br><br><br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 10] AND DISMISSING THE COMPLAINT WITH PREJUDICE** |

## I.  INTRODUCTION

Plaintiff Orlando Garcia filed this action against Defendant Tonho International Inc. and unnamed Does in Orange County Superior Court, asserting claims arising under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  (*See* Dkt. 1-1 [Complaint, hereinafter "Compl."].)  On February 16, 2021, Defendant removed to this Court.  (Dkt. 1 [Notice of Removal].)  Before the Court

-1-

is Defendant's motion to dismiss Plaintiff's FAC.  (Dkt. 10 [hereinafter "Mot."].)  For the following reasons, Defendant's motion is **GRANTED**, and Plaintiff's FAC is **DISMISSED WITH PREJUDICE**.[1]

## II.  BACKGROUND

Plaintiff suffers from cerebral palsy and uses a wheelchair, walker, or cane for mobility.  (Compl. ¶ 1.)  Defendant owns and operates the Staybridge Suites Irvine ("the Hotel"), a hotel in Irvine, California.  (*Id.* ¶ 2.)  Plaintiff alleges that he planned to travel to Irvine in November 2020 and chose to stay at the Hotel.  (*Id.* ¶¶ 12–13.)  Because of his disabilities, Plaintiff requires an accessible guestroom with certain features including accessible tables, beds, toilets, sinks, and showers.  (*Id.* ¶¶ 18–24.)  Plaintiff alleges that he visited the Hotel's website to book a room, but the website provided insufficient information for him to determine whether the "accessible rooms" would accommodate his needs.  (*Id.* ¶¶ 15–18; Dkt. 12 [Request for Judicial Notice, hereinafter "RJN"].[2])

Because of the website's lack of detail, Plaintiff asserts claims under the ADA and the Unruh Act.  (*Id.* ¶¶ 30–37.)  Specifically, Plaintiff contends that Defendant violates the ADA's "Reservation Rule" which requires that reservation systems, in relevant part, "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 24, 2021, at 1:30 p.m. is hereby vacated and off calendar.

[2] The Court takes judicial notice of screenshots of the website, (RJN Exs. 1–2), as "document[s] whose contents are alleged in the complaint" and on which the complaint "necessarily relies."  *See Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (taking judicial notice of screenshots of the defendant's website).

to assess independently whether a given hotel or guest room meets his or her accessibility needs." (*Id.* ¶¶ 30–33 [citing 28 C.F.R. § 36.302(e)(ii)].)

## III.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. 544, 555 (2007).

## IV.  ANALYSIS

Defendant's website satisfies the ADA guidelines for hotels providing accessibility information on their websites.  A hotel's website need not list its compliance or non-

compliance with every provision of the Americans with Disabilities Act Accessibility

Guidelines.  Rather, DOJ Guidance provides:

> The Department recognizes that a reservations system is not
> intended to be an accessibility survey. . . .  For hotels that were
> built in compliance with the 1991 Standards, it may be
> sufficient to specify that the hotel is accessible and, for each
> accessible room, to describe the general type of room (e.g.,
> deluxe executive suite), the size and number of beds (e.g., two
> queen beds), the type of accessible bathing facility (e.g., roll-in
> shower), and communications features available in the room
> (e.g., alarms and visual notification devices). . . .  For older
> hotels with limited accessibility features, information about the
> hotel should include, at a minimum, information about
> accessible entrances to the hotel, the path of travel to guest
> check-in and other essential services, and the accessible route to
> the accessible room or rooms.

28 C.F.R. pt. 36 app. A (2010).  Further, the guidance acknowledges that "individuals

with disabilities may wish to contact the hotel or reservations service for more detailed

information."  *Id.*  This guidance is "entitled to substantial deference."  *Kohler v. Presidio

Intern., Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015).


Defendant's website provides the accessibility information required to satisfy the

ADA.  The website states that the Hotel offers ADA compliant access routes and guest

rooms, with full roll-in showers and hearing accommodations.  (RJN Ex. 1.)  The website

also clearly displays the Hotel's contact information for individuals to inquire further.

(*Id.* Ex. 2); *see* 28 C.F.R. pt. 36 app. A (2010) (acknowledging that "individuals with

disabilities may wish to contact the hotel or reservations service for more detailed

information.").  The website's information satisfies Defendant's obligation under

§ 36.302(e)(ii).  Accordingly, Defendant's motion to dismiss is **GRANTED**.

Defendant's website plainly satisfies its legal obligations.  The Court cannot contemplate how Plaintiff could cure the deficiencies in his Complaint when the judicially noticed information on Defendant's website more than satisfies the ADA's requirements.  Because amendment would be futile, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.  *See Levine v. Safeguard Health Enters., Inc.*, 32 F. App'x 276, 278 (9th Cir. 2002).

**V.  CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

DATED: May 14, 2021

_____

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE